COSTAS, DEMANDANTE Y APELANTE, *v.* NORIEGA, DEMANDADO Y APELADO.

No. 3147.—*Visto:* Febrero 8, 1924. *Resuelto:* Abril 28, 1924.

COMPRAVENTA DE FINCA—DERECHO DEL COMPRADOR A RETENER PRECIO APLAZADO; CUÁNDO PUEDE RETENERLO — REIVINDICACIÓN. — Constituida una hipoteca por precio aplazado, si el comprador amplía posteriormente el gravamen hipotecario, el hecho de que haya sido demandado en reivindicación de la finca no le autoriza a retener el pago de la parte de crédito vencido. La ampliación de la hipoteca implica la renuncia del derecho que le concede al comprador el artículo 1045 del Código Civil.

RESOLUCIÓN de *E. Lloreda,* J. (Arecibo) desestimando la demanda con costas. *Confirmada.*

*R. Muñoz Ramos,* abogado del apelante; *A. Lens Cuena,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La apelación versa sobre una sentencia desestimando la demanda por no aducir hechos que determinen una causa de acción.

La parte pertinente de la opinión de la corte inferior en donde se exponen los hechos y los fundamentos legales para sostener su sentencia, es como sigue:

"El demandante compró la finca de que se trata a don Pedro Schuck Grau en el 1917, y quedándole a deber parte del precio le hipotecó a Schuck la misma finca vendida con cuyo gravamen deben permanecer hasta el pago total de la deuda con sus intereses.

"Posteriormente, dicho crédito hipotecario en la parte pendiente de cobro fué transmitido por Schuck a Antonio Munera en el 1919; y después por éste en el mismo año a Cándido Noriega, el demandado, cuya parte del crédito hipotecario, quedó adicionada con otra cantidad adeudada por el demandante al demandado.

"Es pues de verse claramente que no es este un caso comprendido en el artículo 1405 del Código Civil. En el hecho 4º. inciso *f* de la demanda, se alega por el demandante, que en el pleito que contra él se ha establecido en reivindicación, ha sido citado de evicción don Pedro Schuck Grau, lo cual, a mi juicio, es lo único a que tiene derecho el demandado Costas, en aquel pleito; sin que exista relación jurídica alguna, ni de hecho, entre la demanda de reivindicación a que se refiere, y el crédito hipotecario en ejecución constituído para garantizar el pago de parte del precio dejado de satisfacer por Heraclio Costas, en el contrato de compraventa otorgado por el mismo Costas como comprador y Pedro Schuck como vendedor. Este, y por virtud de las diversas cesiones de dicho crédito hipotecario, Cándido Noriega, el actual poseedor del mismo, (en la cantidad a que haya quedado reducido) continúa siendo acreedor hipotecario del demandante, sin que pueda afectar a la virtualidad de su derecho al cobro de tal crédito; el que el deudor de Noriega haya sido demandado en reivindicación.

"El medio legal que le indemnice y que la ley ha establecido a favor de un comprador que se vea privado de la cosa comprada, es la acción de evicción que tiene por objeto exigir el saneamiento.

"Por otra parte, la compra de Heraclio Costas a Pedro Schuck de la finca referida, fué un acto personal suyo, como lo fué también la garantía hipotecaria a favor de Schuck que prestara para la devo-

lución de la parte del precio no. satisfecho; actos no imputables al vendedor, como tampoco lo son los actos que se alegan en el hecho (*e*) de la demanda como contenidos en la acción establecida contra Heraclio Costas como comprador de aquella finca.''

El artículo 152 de la Ley Hipotecaria dice:

''El crédito hipotecario puede enajenarse o cederse a un tercero en todo o en parte, siempre que se haga en escritura pública de que se dé conocimiento al deudor, y que se inscriba en el registro.

''El deudor no quedará obligado por dicho contrato a más que lo estuviere por el suyo.'' Comp. de 1911, pág. 1133.

Y el artículo 1405 del Código Civil, asimismo, dice:

''Art. 1405.—Si el comprador fuere perturbado en la posesión o dominio de la cosa adquirida, o tuviere fundado temor de serlo por una acción reivindicatoria o hipotecaria, podrá suspender el pago del precio hasta que el vendedor haya hecho cesar la perturbación o el peligro, a no ser que afiance la devolución del precio en su caso, o se haya estipulado que no obstante cualquiera contingencia de aquella clase, el comprador estará obligado a verificar el pago.'' Comp. de 1911, pág. 789.

Una parte del crédito hipotecario en este caso representa la parte del precio aplazado que el comprador quedó adeudando al vendedor, y éste al ceder dicho crédito no altera la condición del deudor, pues el cesionario no hace otra cosa sino subrogarse en los derechos del cedente.

Bajo este aspecto parece lógico que el comprador, ocurridas las circunstancias del artículo 1405, *supra,* tendría el privilegio de suspender el pago y pedir la nulidad de los procedimientos establecidos para el cobro de la hipoteca que representa el precio aplazado. Sin embargo, la demanda es tan oscura y difusa en sus términos, a pesar de su larga extensión, que ni siquiera puede interpretarse liberalmente y deducir de ella una clara causa de acción.

El demandante alega que además de la hipoteca que como parte del precio aplazado afecta la finca vendida, el comprador constituyó sobre la finca otra nueva hipoteca como ampliación de la primera para tener el mismo vencimiento.

Esto implicó una renuncia del comprador al derecho que le concede el artículo 1405 citado, no pudiendo en este caso utilizarlo para suspender el pago del precio aplazado ni menos impugnar por ese concepto el procedimiento de ejecución.

*Se confirma la sentencia.*

El Juez Asociado Señor Wolf firmó: "Conforme con la sentencia."

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

La idea que tengo del artículo 1405 del Código Civil es que debe estar limitado a casos, en los cuales un comprador que aparentemente adquiere cierta cosa se ve amenazado con la privación, reducción o disminución de la cosa adquirida. El artículo no tiene aplicación a compras donde el comprador adquiere una finca hipotecada sabiendo directa o interpretativamente que la propiedad estaba hipotecada. Por "interpretativamente" quiero decir, por supuesto, una inscripción de la hipoteca, en el Registro. Si el comprador sabe, o tiene motivos para saber, que la propiedad está hipotecada, especialmente cuando no existe ningún engaño por parte del vendedor, dicho comprador ha obtenido del vendedor la cosa por la cual contrató, en tal caso, una finca hipotecada. El comprador, por tanto, no ha sido perturbado en la cosa adquirida. La "cosa adquirida" es una finca hipotecada.

El caso es aun más fuerte cuando el comprador mismo constituye hipoteca por el precio aplazado. No solamente está impedido tal comprador por la constitución de la hipoteca, sino que las palabras finales del artículo 1405 deben interpretarse en el sentido de que comprenden el caso o sea, que la "estipulación" de referencia se ha hecho. El vendedor ha convenido entonces en pagar no obstante la hipoteca, en verdad, debido a ella, y el acreedor hipotecario tiene perfecto derecho a proceder de acuerdo con su hipoteca. Los derechos de tal acreedor hipotecario y compra-

dor son transmisibles y el cesionario que adquiere el cré-
dito hipotecario tiene si acaso más derechos que el primi-
tivo acreedor hipotecario, pues el primero adquiere el cré-
dito hipotecario del dueño con título inscrito de tal dere-
cho hipotecario. No veo absolutamente ninguna posibilidad
legal para un hombre que voluntariamente constituye una
hipoteca para cubrir el precio de compra aplazado, de elu-
dir el pago invocando el artículo 1405. Tal deudor va en-
tonces aun más lejos de lo que iría si se negara a pagar el
precio de compra. Esencialmente no es diferente a si un
comprador tratara de eludir el pago a su vendedor del pre-
cio aplazado invocando dicho artículo, meramente porque el
vendedor lo amenazaba con establecer una acción.